ANDREW R. NELSON (SBN 214895)
FORWARD COUNSEL LLP
4340 Von Karman Avenue, Suite 380
Newport Beach, California 92660
Telephone: (949) 258-9359
Facsimile: (949) 273-1070
anelson@forwardcounsel.com

Attorneys for Defendants,
BCW DIVERSIFIED, INC. and ERIC BROWNELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA– WESTERN DIVISION

| | |
|---|---|
| ULTRA PRO INTERNATIONAL, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>BCW DIVERSIFIED, INC., an Indiana Corporation, and ERIC BROWNELL, an individual<br><br>Defendants. | CASE NO. 2:24-cv-8467<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**<br><br>[NOTICE OF MOTION AND MOTION, DECLARATION OF ERIC BROWNELL, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREIWTH]<br><br>Hearing Date: November 20, 2024<br>Time: 10:00 a.m.<br>Courtroom: 880<br>Judge: Hon. Maria A. Audero |

///

///

///

1

MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS

Defendants BCW Diversified, Inc. ("BCW") and Eric Brownell ("Brownell") (collectively, "Defendants") submit the following Memorandum of Points & Authorities in support of their Motion to Dismiss or Transfer pursuant to Fed.R.Civ.P. 13(a) and 28 U.S.C.A. § 1404(a):

## I. INTRODUCTION

This California action should be dismissed. Plaintiff Ultra Pro International, LLC ("Ultra Pro") should bring its claims as counterclaims in a prior pending Indiana federal court action, which concerns the same parties and subject matter. In the alternative, this Court should consider transferring this suit to Indiana, where it can be consolidated with the prior pending Indiana case to avoid wasting judicial resources and minimize the risk of inconsistent judgments.

## II. RELEVANT FACTS

This is the fourth federal trademark suit filed since June 2024 over essentially the same subject matter. On June 6, 2024, Ultra Pro (a Delaware LLC with a principal place of business in Commerce, California) filed suit in federal district court in Chicago, Illinois against BCW (an Indiana Corporation with its principal place of business in Indiana). See Declaration of Eric Brownell ("Brownell Decl.,"), ¶13, Exh. B thereto. In that Chicago suit, Ultra Pro alleged trademark counterfeiting and trademark infringement, trademark dilution, unfair competition and false designation or origin arising under the Lanham Act, and state law claims for unlawful and deceptive acts and practices. See *Ultra Pro International, LLC v. BCW Diversified, Inc*. 24-cv-04725 (N.D. Ill.). *Ibid*. The trademarks at issue in that case were: (1) ULTRA PRO; (2) PRO-BINDER; (3) PENNY SLEEVES; (4) MINI SNAP; (5) DECK VAULT; (6) CHROMAFUSION TECHNOLOGY; and (7) TOPLOADER. (*Id.*, Dkt 1 at ¶ 8-22). *Ibid*. After BCW moved to transfer the case from Chicago to Indianapolis, Ultra Pro voluntarily dismissed the Chicago action on September 26, 2024 pursuant to Fed.R.Civ.P. Rule 41. *Id.* dkt 18, 22, 23. Brownell Decl., ¶15, Exh. F threreo.

On August 14, 2024, Ultra Pro filed a second suit in the Northern District of Illinois, this time against 133 of BCW's customers, alleging that by selling BCW's TOPLOADER products, they were infringing on Ultra Pro's mark. *Ultra Pro International, LLC v. Defendants Identified in Schedule A,* 24-cv-07259 (N.D. Ill.). When joinder was questioned by the Court, Ultra Pro voluntarily dismissed 132 of the 133 defendants. That case remains pending in Chicago against a single BCW customer. *Id.* at dkt 12-13. Brownell Decl., ¶¶14-15, Exh. C thereto.

Ultra Pro's abrupt dismissal of its lawsuit in Chicago left BCW in a precarious position, facing continued uncertainty and the threat of future legal action regarding its trademark rights. Brownell Decl., ¶18. Prior to filing its lawsuits against BCW and BCW's customers, an Ultra Pro representative threatened BCW with enforcement action regarding the "toploader" trademark at the National Sports Collectors Convention in Chicago, Illinois from July 26–30, 2023. Brownell Decl., ¶11. At this industry trade show, Ultra Pro employees told BCW employees that Ultra Pro had registered "top loader" with the United States Patent and Trademark Office and that Ultra Pro intended to use those registrations to enforce the marks against BCW unless BCW paid Ultra Pro a fee. *Ibid*.

Despite the dismissal of the lawsuit—a dismissal without prejudice—the threat remained real. Ultra Pro's registered trademarks for PRO-BINDER, PENNY SLEEVES, MINI SNAP, DECK VAULT, CHROMAFUSION TECHNOLOGY, and TOPLOADER, all remained in force. See Brownell Decl., ¶19. This uncertainty, coupled with Ultra Pro's aggressive stance, hung over BCW like the sword of Damocles. The looming threat of takedown notices, interference with retailers, and potential damage to customer relationships created an environment of constant anxiety, especially leading into the critical holiday sales season. Brownell Decl., ¶¶19, 21.

Facing the prospect of irreparable harm to its business, its reputation, and its crucial relationships with retailers and service providers, BCW recognized the urgent

need for a definitive legal ruling to safeguard its operations and ensure fair competition in the marketplace. Brownell Decl., ¶¶19-20.

Therefore, BCW filed suit against Ultra Pro on September 30, 2024 in the Southern District of Indiana seeking a declaratory judgment that: (1) BCW's (and by implication, BCW's customers') conduct does not infringe or dilute Ultra Pro's alleged trademarks ULTRA PRO; PENNY SLEEVES; MINI SNAP; DECK VAULT; CHROMAFUSION TECHNOLOGY; and TOPLOADER, or constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 et seq.; and (2) Ultra Pro owns no valid, enforceable rights in the marks TOPLOADER, PENNY SLEEVES, PRO-BINDER, MINI SNAP, CHROMAFUSION TECHNOLOGY, and DECK VAULT. *BCW v. ULTRA PRO*, 24 C 1699 (S.D. Ind.). Brownell Decl., ¶21, Exh. E thereo.

On October 2, 2024, Ultra Pro filed the instant action in the Central District of California against BCW and its President, Eric Brownell. (24 C 8467). It alleges, once again, trademark infringement and related state law claims with respect to ULTRA PRO; PRO BINDER; PENNY SLEEVES; MINI SNAP; DECK VAULT; CHROMAFUSION TECHNOLOGY; and TOPLOADER. *Id.* at dkt 1.

III. ARGUMENT

A. <u>Governing Law</u>.

Fed.R.Civ.P. 13, the "first to file" rule, and 28 U.S.C. 1404(a) direct the outcome of this motion.

1. **Fed.R.Civ.P. 13 and the "first to file" rule.**

Federal Rule of Civil Procedure 13(a) provides in part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." In the Ninth Circuit, a counterclaim is compulsory if there is any "logical relationship" between the claim and the counterclaim. *See Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th

3

Cir. 1987) (federal courts apply the "liberal 'logical relationship' test to determine whether two claims arise out of the same 'transaction or occurrence' "); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974) (" '[T]ransaction' is a word of flexible meaning which may comprehend a series of occurrences if they have logical connection...."); *see also Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966) (noting "increasingly liberal construction" of Rule 13); *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962) (Rule 13 "was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."); cf. 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1410, pp. 52–55 (1990) (courts have held that relevant inquiries may also include (1) whether the issues of fact and law raised by the claim and counterclaim largely the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; and (3) whether substantially the same evidence supports or refutes plaintiff's claim as well as defendant's counterclaim).

It is well established that an action may not be maintained where the claims asserted should have been brought as compulsory counterclaims in a prior completed action. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 275 n. 4 (1980); *Springs v. First Nat'l Bank of Cut Bank*, 835 F.2d 1293, 1295 (9th Cir. 1988); see also 6 Wright, Miller & Kane § 1417, p. 129 (1990).

If the prior action is still pending, the "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed with leave to plead the counterclaims in the prior pending action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an

action when a complaint involving the same parties and issues has already been filed in another district."); *Church of Scientology of California v. United States Dept. of Army*, 611 F.2d 738, 749–50 (9th Cir. 1979) ("[T]he doctrine of federal comity [is] a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district.... The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.... '[T]he first to file rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.'"); *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988) (first-filed rule should not be departed from except in cases of "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping"); *Adam v. Jacobs*, 950 F.2d 89, 94 (2d Cir. 1991) (vacating district court judgment under Rule 13 and prior pending action rule for failing to dismiss action as compulsory counterclaim in favor of prior pending action); *Banner Indus. of New York, Inc. v. Sansom*, 830 F.Supp. 325, 328 (S.D.W.Va. 1993) (dismissing action as compulsory counterclaim); 6 Wright, Miller & Kane § 1418, pp. 143–45 (1990) ( "Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.").

### 2.    28 U.S.C. 1404(a).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of

convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

### B. The Court Should Dismiss Or Transfer The Instant Action.

Two questions are raised here: (1) whether the instant action is a compulsory counterclaim in the Indiana action; and (2) whether the instant action should be dismissed or transferred pursuant to the first-to-file rule. The Court should answer both in the affirmative.

#### 1. Ultra Pro's Claims Are Compulsory Counterclaims In The Indiana Action.

Under the Ninth Circuit's liberal "logical relationship" test for compulsory counterclaims, the Court should find that the instant action is logically related to the claims in the Indiana action. In applying the "logical relationship" test, the court considers "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

In both the first-filed case pending in Indiana and the second action filed in California, the operative facts hinge on whether BCW is lawfully using the alleged trademarks. The operative facts necessary for Ultra Pro's trademark claims are related to the trademarks themselves and BCW's use of the alleged trademarks. See *Applied Info. Scis. Corp. v. eBay, Inc.,* 511 F.3d 966, 969 (9th Cir. 2007) (to show trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff owns a valid trademark; (2) the defendant is using the plaintiff's trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers). If the Indiana District Court grants BCW the declaratory relief sought, invalidating the trademarks at issue or finding non-infringing use, that ruling will preclude Ultra Pro's claims from proceeding. It is plain

that Ultra Pro's claims in this case constitute compulsory counterclaims in BCW's earlier-filed suit in Indiana.

Accordingly, the Court should find that the instant action is a compulsory counterclaim in the Indiana action. See, e.g., *G & M Tire Co. v. Dunlop Tire & Rubber Corp.*, 36 F.R.D. 440, 441 (N.D.Miss. 1964) (manufacturer's claim against distributor on note dismissed as compulsory counterclaim to distributor's prior-filed antitrust action); *Park Club, Inc. v. RTC*, 967 F.2d 1053, 1057–58 (5th Cir. 1992) (lender's claims for sums due under note and guarantees compulsory counterclaims to borrower's action for breach of contract); *Sanders v. First Nat'l Bank & Trust Co.*, 936 F.2d 273, 276–77 (6th Cir. 1991) (borrower's claims against bank for fraud, duress and violations of Bank Holding Company Act compulsory counterclaims to bank's claims against borrower on notes and guarantees); *Bottero Enter., Inc. v. Southern New England Prod. Credit Ass'n*, 743 F.2d 57, 58–59 (1st Cir. 1984) (borrower's action for breach of contract underlying note and security interest compulsory counterclaim to lender's action to foreclose on collateral); *Reconstruction Fin. Corp. v. First Nat'l Bank of Cody*, 17 F.R.D. 397, 403–04 (D.Wyo. 1955) (lender's claims against borrower that lender was fraudulently induced as part of a conspiracy to make loans to borrower were compulsory counterclaims in prior action brought against lender and borrower by borrower's alleged co-conspirator to defeat lender's lien against borrower's assets).

### 2. Under Prevailing Law, the "first-to-file" Rule Applies.

Under the "first-to-file" rule, in the absence of "exceptional circumstances" warranting a departure from that rule, this action should be dismissed or transferred in favor of the Indiana action. In *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir.1982), the Ninth Circuit approved the district court's application of the first-to-file rule where the California district court dismissed a later-filed action in favor of a prior pending action in a Florida district court involving the same issues of validity and enforceability of certain patents. The Ninth Circuit stated:

> We agree with the district court that the goal of judicial efficiency would not have been served by accepting jurisdiction.... [P]ermitting multiple litigation of these identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations as to the patents' validity and enforceability was clear. No apparent bar existed to a presentation of Pacesetter's claims and defenses before the Florida court. That forum was capable of efficiently resolving all issues, and economic use of both courts' resources resulted from the California court's refusal to consider Pacesetter's claims.

*Id.* at 96; *Church of Scientology of California v. United States Dept. of Army*, 611 F.2d 738, 749–50 (9th Cir.1979) ("[T]he doctrine of federal comity [is] a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district.... The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.... [T]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.").

Moreover, the "first-to-file" rule applies even if the parties and claims are similar but not identical. See *Randall May Int'l Inc. v. Pearl Corp.*, No. SACV1300016JVSRNBX, 2013 WL 12130018, at *2–4 (C.D.Cal. June 3, 2013) (generally, the determination of whether to transfer pursuant to the first-to-file rule begins with consideration of "[t]hree [separate] threshold factors," stated as "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). . . The second and third factors do not require that the parties and issues be identical; rather, they merely require that they be similar. See, e.g., *Meints v. Regis Corp.*, No. 09CV2061 WQH (CAB), 2010 WL 625338, at *2 (S.D.Cal. Feb. 16, 2010) ("[T]he cases and parties need not be completely identical...."); *Medlock v. HMS*

*Host USA, Inc.*, No. CV F 10-2167 LJO GSA, 2010 WL 5232990, at *5 (E.D.Cal. Dec. 16, 2010) (noting that the first-to-file rule requires only similarity of issues, not identical issues); *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (same)). The fact that Ultra Pro named BCW's principal, Eric Brownell, as an additional party defendant, and added a few state law claims in addition to Lanham Act claims, does not undermine the case for dismissing or transferring this action, since the trademarks at issue and the corporate parties are identical in both actions. Here too, judicial efficiency and avoidance of duplicative litigation would not be served by accepting jurisdiction of the instant action, which is essentially the flip side of the earlier-filed litigation in Indiana over the enforceability of the exact same trademarks. Permitting the instant action to proceed would risk conflicting determinations—for instance, the Indianapolis action might result in cancellation of the subject marks that are the subject of the instant action which seeks to enforce them.

Moreover, no apparent bar exists to Ultra Pro pursuing its claims in the Indiana action via counterclaims. Identical issues have been raised in both actions, and the issues relating to the instant action are properly before the Indiana court (which is fully capable of efficiently resolving all issues raised in both actions). These claims and parties should stay in Indiana. See *Church of Scientology*, 611 F.2d at 749 (district court may "decline judgment on an issue which is properly before another district"). Interests of judicial administration thus strongly favor dismissal or transfer and no exceptional circumstances exist to indicate otherwise.

### 3. Dismiss is Optimal.

Dismissal is the preferred result under the circumstances, as it will allow Ultra Pro to plead its claims as counterclaims in Indiana, thereby placing both sides of the issues before the *same* judge for adjudication, in the *same* case. Transferring this case to Indiana and consolidating it with the prior pending action would be more cumbersome, while offering no compelling advantage over dismissal.

## IV. CONCLUSION

BCW's Indian action is the prior filed action, involving the same claims and parties. Under the Ninth Circuit's first-to-file rule, this matter should be dismissed so Ultra Pro may file its compulsory counterclaims in that action. Accordingly, Defendants respectfully request an order dismissing this matter. In the alternative, defendants respectfully request an order transferring this case to the Southern District of Indiana, Indianapolis Division, where it can be consolidated with the prior pending Indiana case.

<u>L.R. 11-6.2 Certificate of Compliance:</u> The undersigned, counsel of record for Defendants BCW DIVERSIFIED, INC. and ERIC BROWNELL, certifies that this brief contains 3,270 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 22, 2024

FORWARD COUNSEL LLP

By: _____
Andrew R. Nelson
Attorneys for Defendants
BCW DIVERSIFIED, INC. and ERIC BROWNELL

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

By: _____
Andrew R. Nelson
FORWARD COUNSEL LLP
4340 Von Karman Avenue, Suite 380
Newport Beach, CA 92660
Email: anelson@forward counsel.com
Phone: (949) 258-9359
Facsimile: (949) 273-1070