ANDREW R. NELSON (SBN 214895)
FORWARD COUNSEL LLP
4340 Von Karman Avenue, Suite 380
Newport Beach, California 92660
Telephone: (949) 258-9359
Facsimile: (949) 273-1070
anelson@forwardcounsel.com

MARC C. GRAVINO *(admitted pro hac vice)*
JOEL M. HUOTARI *(admitted pro hac vice)*
WILLIAMSMCCARTHY, LLP
120 West State Street, Suite 400
Rockford, IL 61105-0219
Telephone: (815) 987-8900
mgravino@wilmac.com
jhuotari@wilmac.com

Attorneys for Defendants,
BCW DIVERSIFIED, INC., an Indiana Corporation, and ERIC BROWNELL, an
individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA– WESTERN DIVISION

| | |
|---|---|
| ULTRA PRO INTERNATIONAL, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>BCW DIVERSIFIED, INC., an Indiana Corporation, and ERIC BROWNELL, an individual<br><br>Defendants. | CASE NO. 2:24-cv-08467-MAA<br><br>*Assigned for All Purposes to:*<br>Magistrate Judge: Maria A. Audero<br><br>**MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**[EX PARTE APPLICATION TO STAY DEADLINE TO FILE RESPONSIVE PLEADING, DECLARATION OF ANDREW NELSON, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]** |

FORWARD COUNSEL LLP
ATTORNEYS AT LAW
NEWPORT BEACH, CA

1

Defendants BCW Diversified, Inc. ("BCW") and Eric Brownell ("Brownell") (collectively, "Defendants") submit the following Memorandum of Points and Authorities in support of their Ex Parte Application to Stay Deadline to File Responsive Pleading.

## I.    INTRODUCTION

Defendants BCW Diversified, Inc. and Eric Brownell ("Defendants") seek an ex parte order staying the deadline to file a responsive pleading, currently set for November 15, 2024 for BCW Diversified, Inc. and November 18, 2024 for Eric Brownell. This stay is necessary to prevent the waste of judicial and party resources that would result from filing an answer and potential counterclaims while Defendants' potentially dispositive Motion to Dismiss is pending. The Motion to Dismiss, set for hearing on November 20, 2024, argues that this action should be dismissed or transferred based on a prior pending action in the Southern District of Indiana. Given the strong likelihood that the Motion to Dismiss will be granted, particularly in light of Plaintiff's failure to oppose the motion, requiring Defendants to file responsive pleadings mere days before the hearing would be an exercise in futility and an unnecessary expenditure of resources.

## II.    FACTUAL BACKGROUND

This action is the latest in a series of related lawsuits between the parties:

1.    On June 6, 2024, Plaintiff Ultra Pro International, LLC ("Ultra Pro") filed a trademark infringement suit against BCW in the Northern District of Illinois. Ultra Pro voluntarily dismissed that action on September 26, 2024, after BCW moved to transfer the case to Indiana.

2.    On August 14, 2024, Ultra Pro filed another suit in the Northern District of Illinois against 133 of BCW's customers, alleging trademark infringement for selling BCW's products. Ultra Pro subsequently dismissed 132 of the 133 defendants.

3.    On September 30, 2024, BCW filed a declaratory judgment action

2

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

1   against Ultra Pro in the Southern District of Indiana, seeking a ruling on the

2   validity and non-infringement of Ultra Pro's alleged trademarks.

3        4.     On October 2, 2024, Ultra Pro filed the instant action in this Court,

4   once again alleging trademark infringement against BCW and its President, Eric

5   Brownell.

6        5.     On October 22, 2024, Defendants filed a Motion to Dismiss or

7   Transfer this action, set for hearing on November 20, 2024. The motion argues

8   that this action should be dismissed pursuant to Fed.R.Civ.P. 13(a) and 28

9   U.S.C.A. § 1404(a) on the grounds that Plaintiff's claims in the instant action are

10   compulsory counterclaims in the Indiana Action, and the Indiana Action is the

11   prior pending action.

12        6.     The deadline for Plaintiff to file an opposition to Defendants' Motion

13   to Dismiss was October 30, 2024. Plaintiff failed to file any opposition by this

14   deadline.

15        7.     On November 12, 2024, Defendants filed a Notice of Non-Opposition

16   (Docket 37) to their Motion to Dismiss, highlighting Plaintiff's failure to oppose

17   and citing Local Rule 7-12 of the Central District of California, which states: "The

18   failure to file any required document, or the failure to file it within the deadline,

19   may be deemed consent to the granting or denial of the motion."

20        8.     The current deadlines for Defendants to file responsive pleadings are

21   November 15, 2024 for BCW Diversified, Inc. and November 18, 2024 for Eric

22   Brownell.

23        9.     As detailed in the accompanying Declaration of Andrew Nelson,

24   Defendants' counsel made extensive efforts to meet and confer with Plaintiff's

25   counsel regarding a stipulated extension of the responsive pleading deadline, as

26   required by Local Rule 7-3. These efforts included:

27            a.     A detailed voicemail left for Plaintiff's counsel, Kevin Keener,

28

3

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

1  on October 23, 2024.

2          b.      A follow-up email sent on October 25, 2024, proposing either a

3  stay or a second stipulation to extend the responsive pleading deadline.

4          c.      Additional follow-up emails sent on October 29, October 31,

5  November 1, November 4, 2024 and November 12, 2024.

6          d.      A voicemail left on November 5, 2024, reminding Mr. Keener

7  of the need to confer under the local rules.

8      10.    Despite these repeated attempts over a two-week period, Plaintiff's

9  counsel provided only a single response indicating a date to talk, but did not

10  engage in substantive discussions about the proposed extension or stay. (Nelson

11  Decl., ¶¶ 5, 6 and Exh. A)

12      11.    Given the lack of substantive response from Plaintiff's counsel,

13  Plaintiff's failure to oppose the Motion to Dismiss, and the rapidly approaching

14  deadline for filing responsive pleadings, Defendants were compelled to seek ex

15  parte relief from this Court.

16  **III.    ARGUMENT**

17      **A.      <u>GOOD CAUSE EXISTS FOR GRANTING THE EX PARTE</u>**

18              **<u>APPLICATION</u>**

19          **1.      Strong Likelihood of Success on the Motion to Dismiss**

20      Defendants' Motion to Dismiss, filed on October 22, 2024, has a strong

21  likelihood of success. The motion argues that this action should be dismissed or

22  transferred based on the prior pending action in Indiana and the first-to-file rule.

23  The Indiana action, filed on September 30, 2024, involves the same parties and

24  substantially the same issues as this case. Under the first-to-file rule and principles

25  of judicial economy, this later-filed action should not proceed in this Court.

26      Moreover, Plaintiff's failure to file any opposition to the Motion to Dismiss

27  significantly strengthens the likelihood of success. Local Rule 7-12 of the Central

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

District of California provides that failure to file a required document within the deadline "may be deemed consent to the granting or denial of the motion." Given Plaintiff's non-opposition, the Court may reasonably deem this as consent to granting Defendants' Motion to Dismiss.

**2.     Filing Responsive Pleadings Would Be Futile and Wasteful**

Requiring Defendants to file an answer and potential counterclaims mere days before the hearing on the Motion to Dismiss would be an exercise in futility. If the Motion to Dismiss is granted, any responsive pleadings filed would become moot. This would waste not only the parties' resources in preparing these pleadings but also the Court's resources in processing them. Moreover, if the case is transferred to Indiana, any counterclaims filed here would likely need to be refiled or amended in that forum.

**3.     No Prejudice to Plaintiff**

A brief stay of the responsive pleading deadline until after the Court rules on the Motion to Dismiss will not prejudice Ultra Pro. The motion hearing is set for November 20, 2024, just days after the current responsive pleading deadlines. Given the extensive litigation history between the parties and Plaintiff's own failure to oppose the Motion to Dismiss, a short delay will not impact Ultra Pro's ability to pursue its claims, should the case proceed in this Court.

**B.     THE EX PARTE APPLICATION COMPLIES WITH RULES GOVERNING EX PARTE APPLICATIONS**

This ex parte application fully complies with the rules governing such applications in the Central District of California:

**1.     Notice:** As required by Local Rule 7-19, Defendants' counsel provided notice of this ex parte application to Plaintiff's counsel on November 12, 2024, via email. (Nelson Decl., ¶ 8). The notice included the date, time, and place of the ex parte application, as well as the nature of the order to be requested.

5

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

1  (Nelson Decl., ¶ 9).

2  **2. Attempt to Determine Opposition:** In the notice email,
3  Defendants' counsel requested that Plaintiff's counsel inform Defendants whether
4  Plaintiff will oppose the application. (Nelson Decl., ¶ 9). As of the filing of this
5  application, Plaintiff has not indicated whether they will oppose. (Nelson Decl., ¶
6  10).

7  **3. Declaration Regarding Notice:** The accompanying
8  Declaration of Andrew Nelson includes all information required by Local Rule 7-
9  19.1, including the date, time, and manner of notice, the relief sought, any response,
10  and whether opposition is expected. (Nelson Decl., ¶¶ 8, 9, Exh. A).

11  **4. Showing of Irreparable Prejudice:** This application
12  demonstrates that Defendants will suffer irreparable prejudice if required to file
13  responsive pleadings before the Court rules on the Motion to Dismiss. The
14  potential waste of resources and the filing of potentially moot pleadings constitute
15  irreparable prejudice justifying ex parte relief.

16  **5. Explanation of Urgency:** The urgency of this application is
17  clear from the impending responsive pleading deadlines (November 15 and 18,
18  2024) and the hearing date for the Motion to Dismiss (November 20, 2024). The
19  short time between these dates necessitates immediate action by the Court to
20  prevent the waste of resources.

21  **IV.    CONCLUSION**

22      For the foregoing reasons, Defendants respectfully request that the Court
23  grant this Ex Parte Application and stay the deadline for filing a responsive
24  pleading pending the Court's ruling on the Motion to Dismiss. This brief stay will
25  conserve judicial and party resources and prevent the needless filing of potentially
26  moot pleadings.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

Respectfully Submitted,

DATED: November 12, 2024       FORWARD COUNSEL LLP

By: _____

Andrew R. Nelson
Attorney for Defendants BCW DIVERSIFIED,
INC., and ERIC BROWNELL

7

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF EX PARTE APPLICATION

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on November 12, 2024, I electronically filed the foregoing

3

document with the Clerk of the Court using the Court's CM/ECF system, which will

4

send a notice of electronic filing to all CM/ECF participants.

5

6

By: _____

7

Andrew R. Nelson
FORWARD COUNSEL LLP

8

4340 Von Karman Avenue, Suite 380
Newport Beach, CA 92660

9

Email: anelson@forwardcounsel.com

10

Phone: (949) 258-9359
Facsimile: (949) 273-1070

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE